# THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT, *v.* JAMES CAPEN, APPELLANT.

*Excise law — sale of liquor in violation of it — at what place a sale is to be regarded as made.* ·

APPEAL from a judgment, entered upon the conviction of the defendant at the Saratoga County Sessions, upon the trial of an indictment for selling lager beer at the town of Corinth, in that county, in violation of the excise law.

The defendant was in the employment of and sold the beer for one Bibby, who resided and carried on a business at Glens Falls, Warren county.

The court at General Term said : " The defendant, as the servant of Bibby, took an order for a case of lager beer in Corinth, Saratoga county, where no licenses were granted for the sale of beer or liquors. He took such order to his master · at Glens Falls. The order was filled by the master by giving to his servant the quantity of beer ordered, by whom it was taken to Corinth, delivered to the purchaser and pay therefor received. We think this was a sale at Corinth, and as the defendant had no license for the making of such sale at Corinth he was properly convicted.

" The court on the facts so held as a question of law, and at first instructed the jury to find the defendant guilty, but afterwards

seems to have submitted the case to the jury, which rendered its verdict of guilty.

"There was an exception to so much of the charge as held that it was a sale of beer at Corinth. This we have already indicated was correct. No exception was taken to the apparent direction of a verdict of guilty. From that fact, and also from the recitals of the record touching the charge, we think it is fair to say that such direction was withdrawn and the case properly submitted to the jury.

"Upon the whole case we think it would be a violation of law to send liquors from one town where a license permits a sale to another town where the sale is unlawful, by an agent or servant of the seller to be delivered and pay therefor collected of the purchaser. Such is the present case, and we think the judgment is correct and should be sustained."

LEARNED, P. J., concurred.

*A. J. Cheritree*, for the appellant.

*John Van Rensselaer*, district-attorney, for the respondent.

Opinion *Per Curiam*.

Present — LEARNED, P. J., BOARDMAN and LANDON, JJ.

Judgment and conviction affirmed.